## THE TOWN OF EATON VS. WILLIAMS.

*December 22, 1880 — January 11, 1881.*

*Support of indigent person: Powers of county and circuit courts.*

1. No appeal lies to the circuit court from an order of the judge of the county court requiring relatives of an indigent person to contribute to his support.
2. Whether such an order is valid unless the record shows, by recital or otherwise, that facts were proved which would authorize it, *quære*.

APPEAL from the Circuit Court for *Manitowoc* County.

In May, 1878, the supervisors of the respondent town instituted a proceeding before the judge of the county court under chapter 34, R. S. 1858, to compel *Mary Williams*, the appellant, to relieve and maintain her indigent mother. The matter was heard before such judge, and the hearing resulted in the following order:

" *Ordered,* that the said *Mary A. Williams*, of the town of Eaton in said county, be, and she hereby is, required to pay to the supervisors of the said town of Eaton for the support, relief and maintenance of Margaret McCabe, of the aforesaid town, the sum of two dollars per week for each and every week succeeding the date of this order, until the further order of the court in the premises.

" It is further ordered, that the said *Mary A. Williams* pay the costs and expenses of this application, taxed at nineteen and 10-100 dollars, and that said supervisors are hereby authorized to enforce the collection of all sums herein directed to be paid, as by statute provided in such cases."

The order contains no recital of the facts proved on the hearing, and no findings of fact were filed. *Mrs. Williams* appealed to the circuit court from such order, and the matter was heard in that court upon such appeal. The hearing resulted in a judgment that *Mrs. Williams* pay the supervisors of the town $1.50 per week for the relief and maintenance of her mother, and also that she pay the costs of the proceedings. From this judgment she appealed to this court.

For the appellant there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

For the respondent there was a brief by *Nash & Schmitz*, and oral argument by *Mr. Nash*.

LYON, J.   The power of the judge of the county court to order the relatives of an indigent person to contribute to his support, is special and statutory, and the exercise of it is not an exercise of his ordinary judicial functions as county judge. In this proceeding the power was conferred upon him by chapter 34, R. S. 1858, and that statute does not authorize an appeal from an order made under it.

On the authority of *Western Union Railroad Co. v. Dickson*, 30 Wis., 389, which, in principle, is precisely like this case, it must be held that the general statute (R. S. 1858, ch. 117, sec. 24) giving appeals to the circuit court from orders etc, of the judge of the county courts, does not apply to this proceeding.   Hence, no appeal lies from the order of the county judge therein because there is no statute giving such appeal.

It follows that the circuit court had no jurisdiction of the proceeding, and its judgment must therefore be reversed. We deem it advisable to add that we have very serious doubt whether the order of the county judge has any validity or force, because the record fails to show, by way of recital or otherwise, that the facts were proved which would alone authorize the judge to make it.   We are strongly impressed with the idea that, in a special and summary proceeding like this, it should appear of record in some way that a case was proved which sustains the order of the officer or court before whom such proceedings were taken.   However, we do not determine the proposition.

*By the Court.*— Judgment reversed, and cause remanded with a direction to the circuit court to dismiss the appeal from the order of the county judge.