WESTERN UNION RAILROAD COMPANY VS. DICKSON.

*County Judge, powers of—Appointment of Commissioners to award damages for lands taken by railway—Right of Appeal purely statutory.*

1. The power of the county judge to appoint commissioners to award damages for the taking of lands by railroad companies, being special and statutory, and no part of his ordinary judicial functions, and not given by ch. 117, R. S., (entitled "Of County Courts"), but in separate statutes relating to railroads (P. & L. Laws of 1854, ch. 16; Gen, Laws of 1861, ch. 175), sec. 24 of said ch. 117 (which confers a right of appeal to the circuit court from any order or judgment of the county judge "in all cases not otherwise provided for") is not applicable to an order of the county judge appointing such commissioners.

2. For a refusal of the county judge to appoint commissioners upon a proper application therefor, the proper remedy is probably by *mandamus;* and for an appointment made by him without authority, a common law *certiorari.*

3. The party who objects to their appointment by such judge on the ground of his lack of authority, may have that question determined on appeal from their award.

4. The right of appeal is purely a statutory right, and unless given by the statute it does not exist.

APPEAL from the Circuit Court for *Racine* County.

The respondent petitioned the county judge of Racine county to appoint three commissioners to appraise the damages which he claims to have sustained by reason of the occupancy of certain lots in the city of Racine, by the appellant, the railroad company, and of which lots he claims to be the owner. The

petition purports to be made pursuant to the statutes of 1861, ch. 175, and to ch. 16, Pr. and Local Laws of 1854, sec. 1. After due notice of the application had been given, the parties appeared before the county judge, and the appellant objected to such appointment being made, on the ground that said county judge had no jurisdiction of the subject matter of the petition, and in support of such objection, introduced evidence showing that the judge of the first judicial circuit had previously appointed commissioners under the act of 1854, to appraise all such damages in that county, and it was admitted that those commissioners all resided in said county, and were qualified to act as such commissioners. The appellant further denied that the respondent was the owner of the lots so claimed by him, and used and occupied by the appellant for railroad purposes.

The county judge overruled such objection, and made an order appointing three duly qualified persons' as commissioners for the purposes specified in the petition of the respondent. The railroad company appealed from such order to the circuit court. The latter court dismissed the appeal, and from the order dismissing the same, the company now appeals to this court.

*Fuller & Dyer*, for appellant.

*J. H. Knowlton* (*with Wm. C. Allen and A. Hyatt Smith*, of counsel), *contra*.

LYON, J. It is stated in one of the briefs, and, doubtless, correctly stated, that the circuit court dismissed the appeal, because, in the opinion of that court, the order appointing commissioners, made by the county judge, is not appealable. If that opinion is correct, the order of the circuit court must, of course, be affirmed, and this without regard to the question as to whether the order of the county judge was lawfully made, or otherwise.

No provision is made in the charter of the Racine, Janesville and Mississippi Railroad Company—Pr. and Local Laws of

1854, ch. 16—(of which company the appellant is the successor,) or in the laws of 1861, ch. 175, for an appeal from an order appointing commissioners to appraise damages to owners of lands taken by the company for the purposes of its railroad, but the right to such appeal is claimed under sec. 24 of ch. 117, R. S. (Taylor's Statutes, 1313, § 24.) That section is as follows:

"In all cases, not otherwise provided for, any person aggrieved by any order, sentence, judgment or denial of a judge of the county court, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of the county court, within sixty days from the date of the act appealed from, with his reasons for such appeal, together with such bond as is required in the next section."

The chapter of the revised statutes which contains the above section, is entitled "OF COUNTY COURTS," and prescribes and regulates the jurisdiction of such courts, and their mode of procedure in matters of the probate of wills, of guardianship, and the settlement of estates of deceased persons. The power to appoint commissioners in cases like the present, is not given in that chapter, and is not conferred upon the county judge as a part of his ordinary judicial functions. Such power is conferred upon him by special enactment, which fully prescribes and regulates the procedure in such cases. And, as before stated, such enactment gives no appeal from any order made by him under its provisions. The power in question being special and statutory, and not being a part of the ordinary judicial functions of the county judge, nor given by the enactment which provides for an appeal from his judgments, orders, sentences and denials, we are of the opinion that the section above quoted is not applicable to the order under consideration, and that there is no law authorizing an appeal therefrom to the circuit court.

Should the county judge refuse to act upon it when a proper application is made to him for the appointment of such com-

missioners, or should he make such appointment without proper authority, the remedy in the former case would probably be by *mandamus*, and in the latter by common law *certiorari;* and on appeal from the award of commissioners appointed by him, doubtless it would be competent for the railroad company to show that the commissioners were not lawfully appointed, and thus defeat the whole proceeding. But an appeal is purely a statutory right, and unless given by the statute, the right does not exist.

Holding, as we do, that the order of the county judge is not within the purview of chap. 117 of the revised statutes, and is not reached by the provisions of that chapter relating to appeals from orders made by the county judge, we are not called upon to decide whether such order was legally made. I will, however, venture the suggestion, upon my own responsibility, that the safer course for the respondent will be to procure an appraisal of his alleged damages, to be made by the commissioners heretofore appointed by the circuit judge.

*By the Court.*—Order affirmed.