EARL, and another, Plaintiffs-Appellants and Cross-Respondents, v. MARCUS, Defendant-Respondent and Cross-Appellant.†

Court of Appeals

No. 79–630. *Submitted on briefs June 21, 1979.—
Decided August 23, 1979.*
(Also reported in 284 N.W.2d 690.)

For the plaintiffs-appellants the cause was submitted on the brief of *Jeff Scott Olson* and *Julian & Associates, S.C.* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Mark D. Burish* and *Aagaard & Burish* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Defendant has moved to dismiss plaintiffs' appeal from the order of the circuit court for a new trial. The motion is granted.

The plaintiffs commenced this action in 1974 for false imprisonment. November 8, 1978 the jury awarded plaintiffs compensatory and punitive damages totalling

---

† Petition to review denied.

$25,000. The trial court found that the awards were excessive and gave the plaintiffs the option of accepting reduced damages in amounts the court found to be reasonable or a new trial. Section 805.15(6), Stats., provides:

If a trial court determines that a verdict is excessive or inadequate, not due to perversity or prejudice or as a result of error during trial (other than an error as to damages), the court shall determine the amount which as a matter of law is reasonable, and shall order a new trial on the issue of damages, unless within 10 days the party to whom the option is offered elects to accept judgment in the changed amount. If the option is not accepted, the order for new trial shall be deemed final for purposes of appeal on the last day of the option period.

The plaintiffs did not elect to take the reduced damages. April 20, 1979, the trial court ordered a new trial, limited to the issue of damages. The plaintiffs appealed from that order and the defendant cross-appealed.

Defendant contends that the appeal must be dismissed because the order appealed from does not dispose of the entire matter in litigation between the parties as required by sec. 808.03(1), Stats., and is therefore not final. The plaintiffs contend that the order is final because the last sentence of sec. 805.15(6), Stats., provides, "If the option is not accepted, the order for new trial shall be deemed final for purposes of appeal on the last day of the option period."

Section 808.03(1), Stats., provides,

A final judgment or a final order of a circuit court or county court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06 (1)(b) or 807.11(2) which disposes of the entire matter

in litigation as to one or more of the parties, whether rendered in an action or special proceeding.

We conclude that an order for new trial under sec. 805.15(6), Stats., is not a final order and is not appealable as of right under sec. 808.03(1), Stats.

Section 805.15(6), Stats., was promulgated by the Wisconsin Supreme Court as part of the revision of the Rules of Civil Procedure in 1975. *Wis. Rules of Civil Procedure*, 67 Wis.2d 585, 708–711, effective January 1, 1976. Section 805.15(6) is a codification of the *Powers* rule, which was first stated in *Powers v. Allstate Ins. Co.*, 10 Wis.2d 78, 91–92, 102 N.W.2d 393 (1960), and which was further delineated in *Lucas v. State Farm Mut. Automobile Ins. Co.*, 17 Wis.2d 568, 577–78, 117 N.W.2d 660 (1962).

The last sentence of sec. 805.15(6), Stats., did no more than establish a time for the appeal period to run under sec. 817.33(3)(d), Stats. 1975, which expressly allowed an appeal to the supreme court from an order granting a new trial. That the purpose of the last sentence of sec. 805.15(6) was only to create a time limit is indicated by the Judicial Council Committee's Note, 1974: "Sub. (6) establishes a standard time limit of 10 days within which additur and remittitur options must be accepted to avoid a new trial on the issue of damages." Chapter 817, Stats. 1975, was repealed in its entirety by sec. 118, ch. 187, Laws of 1977. The reason for the last sentence of sec. 805.15(6) no longer exists. No statute now exists which permits an appeal from an order granting a new trial.

An order for a new trial is no longer appealable because it is not a final judgment or a final order. Section 808.03(1), Stats., created by sec. 117, ch. 187, Laws of

1977, defines a final order as one "which disposes of the entire matter in litigation as to one or more of the parties, . . ." An order for new trial does not terminate but by its express terms continues the litigation. *Compare Milwaukee v. Cohen,* 57 Wis.2d 38, 45, 203 N.W.2d 633 (1973), which held that a circuit court order revising a county court judgment of dismissal and remanding the matter for trial was not a final order under then sec. 274.33, Stats. 1971, from which an appeal could be taken.

The intent of the new appellate procedure established by ch. 187, Laws of 1977, is to discourage interlocutory appeals. The intent of the legislature controls statutory interpretation. *State ex rel. Mitchell v. Superior Court,* 14 Wis.2d 77, 80, 109 N.W.2d 522 (1961) ; *Pella F. Mut. Ins. Co. v. Hartland R. T. Ins. Co.,* 26 Wis.2d 29, 41, 132 N.W.2d 225 (1965). The Legislative Council note to sec. 808.03(2), Stats., states that

"[I]nterlocutory trial court determinations should be reviewable only at the discretion of the . . ." appellate court. The purpose of the recommendation is to avoid unnecessary interruptions and delay in trial court proceedings caused by multiple appeals and to reduce the burden on the court of appeals of dealing with unnecessary appeals. *Wis. Stat. Ann.* sec. 808.03 (Supp. 1979).

The reason for the last sentence of sec. 805.15(6), Stats., having disappeared and sec. 808.03(1), Stats., having been adopted as part of a design to make interlocutory decisions reviewable only at the discretion of the court of appeals, we hold that an order for new trial under sec. 805.15(6) is not appealable as of right.

The motion to dismiss the appeal must be granted. The cross-appeal pertains to the same order and therefore must also be dismissed.

*By the Court.*—Appeal and cross-appeal dismissed.