Donald S. GRULKOWSKI and Carol Jean Grulkowski, Respondents,

v.

State of Wisconsin, DEPARTMENT OF TRANSPORTATION, Appellant.†

Court of Appeals

*No. 80–061. Submitted on petition for leave of appeal January 10, 1980.—Decided May 13, 1980.*
(Also reported in 294 N.W.2d 43.)

For the appellant the cause was submitted on the petition of *Charles A. Bleck,* assistant attorney general.

For the respondents the cause was submitted on the response of *C. Michael Chambers* of Cochrane.

Before Donlin, P.J., Foley, J., and Dean, J.

DEAN, J.   The Wisconsin Department of Transportation sought to condemn a scenic easement to property belonging to the Grulkowskis.  The Grulkowskis filed a complaint alleging that the state, through the Department of Transportation, had no right to condemn the property either as to the quantity of land sought to be condemned or the rights and interests sought to be restricted.  The state moved to dismiss on the grounds that the court lacked jurisdiction and the complaint failed to state a cause of action upon which relief may be granted.  This motion was denied, and the state appeals from that part of the order denying the state's objection to jurisdiction.  Because we conclude that an order denying an objection to jurisdiction is not a final order, appealable as of right, we dismiss.

Section 808.03 (1), Stats., provides:

A final judgment or a final order of a circuit court . . . may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order . . . which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding.

The state concedes that a decision denying an objection to jurisdiction is arguably not a final order because it does not dispose of the litigation.  The state relies, however, on sec. 801.08(1), Stats., which provides:

All issues of fact and law raised by an objection to the court's jurisdiction over the person or res . . . shall be

heard by the court without a jury in advance of any issue going to the merits of the case. If, after such a hearing on the objection, the court decides that it has jurisdiction, the case may proceed on the merits; if the court decides that it lacks jurisdiction, the defendant shall be given the relief required by such decision. Such decision upon a question of jurisdiction shall be by order which is appealable.

The state contends that the last sentence of the above section makes the order appealable.

We conclude that an order denying a motion to dismiss based on jurisdiction under sec. 801.08(1) is not a final order and is not appealable as of right under sec. 808.03 (1). Section 801.08(1) predates sec. 808.03. Section 801.08(1) was in harmony with sec. 817.33, Stats. (1975). Section 817.33(1) made appealable as of right an order affecting a substantial right, made in any action, when such order in effect determined the action and prevented a judgment from which an appeal could be taken. Thus, an order granting a motion to dismiss on the ground of lack of jurisdiction would have been appealable under sec. 817.33(1).

In addition, sec. 817.33(3)(f) made appealable as of right an order deciding a question of jurisdiction. Consequently any order issued under sec. 801.08(1) was appealable as of right by sec. 817.33(3)(f). Therefore, giving the last sentence of sec. 801.08(1) a full reading, the decision upon a question of jurisdiction must be by an order that was appealable as of right pursuant to sec. 817.33(3)(f). The language of the statutes, as then existing, was in harmony.

Chapter 817 was repealed in its entirety by sec. 118, ch. 187, Laws of 1977. The need to have a harmonizing statement at the end of sec. 801.08(1) was removed by the repeal of ch. 817. No statute now exists that permits an appeal from an order deciding a question of jurisdiction unless such an order is a final order as defined by sec. 808.03(1).

This court has held that an order for a new trial is not a final order for purposes of appeal in the case of *Earl v. Marcus*, 92 Wis.2d 13, 16, 284 N.W.2d 690, 692 (Ct. App. 1979), wherein the court stated:

> The intent of the new appellate procedure established by ch. 187, Laws of 1977, is to discourage interlocutory appeals. The intent of the legislature controls statutory interpretation. The Legislative Council note to sec. 808.03(2), Stats., states that
>
> "[I]nterlocutory trial court determinations shall be reviewable only at the discretion of the . . ." appellate court. The purpose of the recommendation is to avoid unnecessary interruptions and delay in trial court proceedings caused by multiple appeals and to reduce the burden on the court of appeals of dealing with unnecessary appeals. Wis. Stat. Ann. sec. 808.03 (Supp. 1979). [Citations omitted.]

The same reasoning applies in this case.

Accordingly, we hold that an order denying a motion to dismiss based on jurisdiction under sec. 801.08(1) is not appealable as a matter of right. We have jurisdiction; however, we decline to exercise it.

*By the Court.*—Appeal dismissed.