Timothy P. HEATON and Valerie Heaton, his wife, Plaintiffs-Respondents,

v.

INDEPENDENT MORTUARY CORPORATION, a Wisconsin corporation, and Darwin T. Larsen, Defendants-Appellants-Petitioners.†

Supreme Court

*No. 79–123. Submitted on briefs June 3, 1980.—
Decided June 27, 1980.*
(Also reported in 294 N.W.2d 15.)

† Motion for reconsideration denied, with costs, on August 11, 1980. ABRAHAMSON and STEINMETZ, JJ., took no part.

For the defendants-appellants-petitioners there was a brief by *Jerome L. Rinzel* of Cudahy, and *Harold A. Dall, Michael A. Mesirow* and *Kasdorf, Dall, Lewis & Swietlik, S.C.,* of counsel, of Milwaukee.

For the plaintiffs-respondents there was a brief by *T. Michael Schober* and *Schober & Radtke* of New Berlin.

SHIRLEY S. ABRAHAMSON, J.   The issue on appeal is whether an order of the circuit court denying defendant's motion to dismiss the action for want of personal jurisdiction is appealable as of right to the court of appeals or is appealable only on leave granted by the court of appeals.   In an unpublished decision dated April 20, 1979, the court of appeals dismissed the defendant's appeal on the ground that the appeal was not from a final order and therefore was not appealable as of right under sec. 808.03(1), Stats.,[1] and also refused to grant leave

---

[1] Sec. 808.03(1), Stats., provides:

"(1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court or county court may be appealed as a matter of right to the court of appeals unless otherwise expressly pro-

to appeal from the non-final order on the ground the defendant failed to show that any of the criteria set forth in sec. 808.03(2), Stats.,[2] were applicable. We affirm the decision of the court of appeals that this order is not a final order appealable as of right.

The underlying action in this case was commenced by the plaintiffs seeking compensatory and punitive damages for an alleged slander committed by the defendant. Following the service of the summons and complaint, the defendant brought a motion pursuant to sec. 802.06(2) (c), Stats., to dismiss the action on the ground of lack of jurisdiction over the person of the defendant.[3] Following the procedure set forth in sec. 801.08(1), Stats.,[4] the circuit court proceeded to hold a hearing and to decide the jurisdictional issue prior to the trial on the mer-

vided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

[2] Sec. 808.03(2), Stats., provides:

"(2) APPEALS BY PERMISSION. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

"(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

"(b) Protect the petitioner from substantial or irreparable injury; or

"(c) Clarify an issue of general importance in the administration of justice."

[3] Sec. 802.06(2)(c), Stats., provides:

"(2) Every defense, in law or fact . . . to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto . . . except that the following defenses may at the option of the pleader be made by motion: . . . (c) lack of jurisdiction over the person . . . ."

[4] Sec. 801.08(1), Stats., provides:

"801.08 **Objection to personal jurisdiction.** (1) All issues of fact and law raised by an objection to the court's jurisdiction over

its of the case. Sec. 801.08(1), Stats., provides that if after the hearing on the defendant's objection, the circuit court decides that it has jurisdiction, the case may proceed on the merits; if the circuit court decides that it lacks jurisdiction, the defendant shall be given the relief required. Sec. 801.08(1), Stats., specifically provides that "[s]uch decision upon a question of jurisdiction shall be by order which is appealable."

The circuit court determined that it had personal jurisdiction over the defendant and issued an order denying defendant's motion. The defendant filed a notice of appeal from this order contending that he could appeal the order to the court of appeals as a matter of right, because sec. 801.08(1), Stats., specifically states that a decision upon a question of jurisdiction "shall be by order which is appealable." To protect himself, the defendant also filed an alternative petition for leave to appeal pursuant to sec. 808.03(2), Stats., on the ground that if he did not have an appeal as a matter of right, then the court of appeals should grant him leave to appeal. As we have stated previously, on April 20, 1979, the court of appeals issued an order dismissing the appeal and denying defendant's request for leave to appeal.

This court granted the defendant's petition for review, limiting the issue on review to the question of the appealability of the order deciding the question of personal jurisdiction entered pursuant to sec. 801.08(1), Stats.

The parties agree that the issue presented on appeal is whether appealability of the order is governed by sec.

the person or res as provided by s. 802.06(2) shall be heard by the court without a jury in advance of any issue going to the merits of the case. If, after such a hearing on the objection, the court decides that it has jurisdiction, the case may proceed on the merits; if the court decides that it lacks jurisdiction, the defendant shall be given the relief required by such decision. Such decision upon a question of jurisdiction shall be by order which is appealable."

801.08 or by sec. 808.03, Stats., and whether the order, if governed by sec. 808.03, is a final or non-final order for purposes of appellate review.

The defendant's position is that an order entered pursuant to sec. 801.08, Stats., denying a motion to dismiss for lack of personal jurisdiction, is appealable as a matter of right to the court of appeals, because sec. 801.08, Stats., specifically provides that the question of jurisdiction shall be decided by an order which is appealable.

The plaintiffs' position is that defendant's appeal rights must be determined under sec. 808.03, Stats., which governs appeals to the court of appeals. The plaintiffs argue that sec. 808.03, Stats., the newer general appeal statute, controls instead of sec. 801.08, Stats., a section in the Rules of Civil Procedure regulating court procedure; and that the order in the instant case is not a final order appealable of right under sec. 808.03(1), Stats., but is appealable by permission of the court of appeals under sec. 808.03(2), Stats.

Although the parties disagree as to the resolution of the issue, they do agree that the instant case poses questions of statutory interpretation. We think it would be helpful in resolving the issue if we review the legislative history of secs. 801.08 and 808.03, Stats.

Sec. 801.08(1), Stats., began its existence on September 1, 1956, as sec. (Rule) 262.17(4) and (5), which was adopted by Supreme Court order pursuant to sec. 251.18, Stats. 1955.[5] Rules, 271 Wis. vii. Sec. (Rule) 262.17(2) – (5), provided as follows:

---

[5] Sec. 251.18, Stats. 1955, provides:

"251.18 **Rules of pleading and practice.** The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. Such rules shall not become effective until 60 days after

"262.17 (2)    An objection to the court's jurisdiction over the person of a defendant is not waived because it their adoption. All such rules shall be printed by the state printer and paid for out of the state treasury, and the court shall direct the same to be distributed as it may deem proper. All statutes relating to pleading, practice and procedure may be modified or suspended by rules promulgated pursuant hereto. No rule modifying or suspending such statutes shall be adopted until the court has held a public hearing with reference thereto, notice of which shall be given by publication for 3 successive weeks in the official state paper, the expense of such publication to be paid out of the state treasury. Nothing in this section shall abridge the right of the legislature to enact, modify or repeal statutes or rules relating to pleading, practice or procedure. The judicial council shall act in an advisory capacity to assist the court in performing its duties under this section."

*See* sec. 751.12, Stats., which now provides:

"751.12  **Rules of pleading and practice.** The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. The rules shall not abridge, enlarge or modify the substantive rights of any litigant. The effective dates for all rules adopted by the court shall be January 1 or July 1. A rule shall not become effective until 60 days after its adoption. All such rules shall be printed by the state printer and paid for out of the state treasury, and the court shall direct the rules to be distributed as it deems proper. All statutes relating to pleading, practice and procedure may be modified or suspended by rules promulgated under this section. No rule modifying or suspending such statutes may be adopted until the court has held a public hearing with reference to the rule. Notice of public hearings shall be given by publication of a class 3 notice, under ch. 985, the expense of the publication to be paid out of the state treasury. Notice shall also be given in an official publication of the state bar of Wisconsin, the notice to be published not more than 60 days nor less than 30 days before the date of hearing. The state bar of Wisconsin shall not charge the state treasury for publication of this notice. Proposed rules, including changes, if any, in existing rules, shall be set forth in full in the notice. This section shall not abridge the right of the legislature to enact, modify or repeal statutes or rules relating to pleading, practice or procedure. The judicial council shall act in an advisory capacity to assist the court in performing its duties under this section."

is joined with other defenses or motions which, without such objection to jurisdiction, would constitute a general appearance. Such objection shall be raised as follows:

"(a) By motion when a defect is claimed in the service of the summons without a complaint; or when the defect appears upon the face of the record other than the complaint; or in the case of a judgment on cognovit or by default;

"(b) By demurrer when the defect appears upon the face of the complaint; and

"(c) By answer in all other cases.

"(d) In the case of a judgment on cognovit or by default there shall be annexed to the motion a proposed demurrer or answer in which all defenses upon which the defendant relies shall be alleged.

"(3) Where any defect specified in subsection (2) does not appear on the face of the pleadings or otherwise on the record, the parties to the action by their respective attorneys may stipulate in writing that the issues of fact and law with respect thereto shall be determined by the court in advance of the trial on the merits.

"(4) All issues of law raised by an objection specified in subsection (2), and all issues of law and fact pursuant to the stipulation specified in subsection (3) shall be tried in advance of any issue going to the merits of the case. If, after such a hearing on the objection, the court decides that it has jurisdiction, the case may proceed on the merits; if the court decides that it lacks jurisdiction, the defendant shall be given the relief required by such decision. *Such decision shall be by order which is appealable.* The raising of such objection and the making of such a stipulation may be called a special appearance, but the effect of objection, stipulation, or appearance is limited to that specified in subsection (2).

"(5) *Where the objection is raised by motion under subsection (2)(a) all issues shall be determined by order of the court, which order is appealable;* the time for responding to any proposed pleading shall run from the date of the order constituting the court's decision on the objection." (Emphasis supplied.)

Sec. (Rule) 262.17 was designed to supplant the holdings of several cases decided by this court which operated to convert a defendant's intended special appearance

to object to personal jurisdiction into a general appearance which waived all defects in the service of process. These cases created technical traps for the unwary. *See* Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure,* chs. 801–803, 59 Marq. L. Rev. 14–15, 52–53 (1976). The injustice caused by these procedural traps became graphically clear in *Ozaukee Finance Co. v. Cedarbury Lime Co.,* 268 Wis. 20, 24, 66 N.W.2d 686 (1954), in which three justices dissented noting that the majority had "practically abolishe[d] special appearances in Wisconsin."

Rule 262.17 had been proposed to the court by the Judicial Council to permit a defendant to raise by demurrer, motion or answer the claim that the trial court had no jurisdiction over his person and to permit a defendant to combine an objection to personal jurisdiction with a matter relating to the merits of the action, without waiving the jurisdictional objection.[6] *Punke v. Brody,* 17 Wis.2d 9, 16, 115 N.W.2d 601 (1962); *Pavalon v. Thomas Holmes Corp.,* 25 Wis.2d 540, 547, 131 N.W. 2d 331 (1964); *Bazan v. Kux Machine Co.,* 52 Wis.2d 325, 339, 190 N.W.2d 521 (1971).

At the same time that the court adopted sec. (Rule) 262.17, described above, the court also amended sec. (Rule) 274.33 again adopting the Judicial Council proposal, to conform to the change in sec. (Rule) 262.17. Sec. 274.33(3), which governed orders appealable to the supreme court, was amended to permit an appeal to the supreme court when the trial court "decides a question of jurisdiction." 271 Wis. x.[7] An order appealable un-

---

[6] *See* Digest of Proceedings of Meetings of Judicial Council, June 10, 1955, p. 4, September 9, 1955, p. 2, October 21, 1955, p. 1, and November 18, 1955, p. 1.

[7] "274.33 APPEALABLE ORDERS. (3) When an order grants, refuses, continues, or modifies a provisional remedy or grants, refuses, modifies, or dissolves an injunction, sets aside or dismisses a writ of attachment, grants a new trial, or sustains or overrules

der sec. 274.33 was in effect appealable as a matter of right to the supreme court since there were no permissive appeals. The Judicial Council's notes (dated 10/21/55) to its proposed draft of sec. (Rule) 274.33(3), Stats., states:

"The provision permitting an appeal whenever the court 'decides a question of jurisdiction' is new. Thus, an order ruling on the contention that the court lacks jurisdiction over the person of the defendant under the provisions of s. 263.17 [sic] is appealable prior to trial of the case on the merits; and because the objection that the court lacks jurisdiction over the subject matter can never be waived, an order disposing of that question becomes appealable whenever made."

Secs. (Rules) 262.17 and 274.33 remained unchanged until 1959 when the legislature repealed and recreated chapter 262, Stats. Laws of 1959, ch. 226. This 1959 revision was largely the work of Professor G. W. Foster, Jr., of the University of Wisconsin Law School faculty who acted as Reporter for the Judicial Council. Sec. (Rule) 262.17 was renumbered sec. 262.16, Stats., and amended, but the "appeal language" in issue here was not revised.[8] The legislature also amended sec. (Rule) 274.-

---

a demurrer, decides a question of jurisdiction, determines an issue submitted under section 263.225, or denies an application for summary judgment, but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies, or dissolves a provisional remedy or injunction." Rules, 271 Wis. x.

[8] Laws of 1959, ch. 226, sec. 15, amended sec. 262.16 to read as follows:

"262.16 RAISING OBJECTION TO PERSONAL JURISDICTION, GENERAL APPEARANCE. (1) GENERAL APPEARANCE. An appearance of a defendant who does not object to the jurisdiction of the court over his person is a general appearance and gives the court personal jurisdiction over him.

"(2) HOW AND WHEN OBJECTION SHALL BE MADE. An objection to the court's jurisdiction over the person is not waived because it is joined with other defenses or motions which, without such

33(3) in the 1959 revision, but included the court's revision which had added to the list of orders appealable to the supreme court an order which "decides a question of jurisdiction."[9]

---

objection to jurisdiction, would constitute a general appearance. Such objection shall be raised as follows:

"(a) By motion when a defect is claimed in the service of the summons without a complaint; or when the defect appears upon the face of the record other than the complaint; or in the case of a judgment on cognovit or by default;

"(b) By demurrer when the defect appears upon the face of the complaint; and

"(c) By answer in all other cases.

"(d) In the case of a jurisdictional attack upon a judgment on cognovit or by default there shall be annexed to the motion a proposed demurrer or answer in which all defenses upon which the defendant relies shall be alleged.

"(3) JURISDICTION ISSUES TRIED TO COURT. All issues of fact and law raised by an objection specified in sub. (2) shall be tried to the court without a jury in advance of any issue going to the merits of the case. If, after such a hearing on the objection, the court decides that it has jurisdiction, the case may proceed on the merits; if the court decides that it lacks jurisdiction, the defendant shall be given the relief required by such decision. Such decision upon a question of jurisdiction shall be by order which is appealable. The raising of such objection and the making of such a stipulation may be called a special appearance, but the effect of the objection or appearance is limited to that specified in sub. (2).

"(4) JURISDICTIONAL FACTS NOT BINDING ON MERITS OF ACTION. The findings of fact made by the court in determining the question of personal jurisdiction over the defendant shall not be binding on the parties in the trial of the action on the merits.

"(5) OBJECTIONS TO JURISDICTION OVER PERSONS UNDER DISABILITY. No guardian or guardian ad litem may, except as provided in this subsection, waive objection to jurisdiction over the person of the ward. If no objection to the jurisdiction of the court over the person of the ward is raised pursuant to sub. (2), the service of a demurrer, answer or motion by a guardian or guardian ad litem followed by a hearing or trial shall be equivalent to a general appearance by the ward.

From 1959 until 1976, sec. 262.16 (originally sec. 262.-17) and sec. 274.33(3), Stats., remained unchanged. Effective January 1, 1976, this court adopted Rules of Civil Procedure which had been proposed by the Judicial Council. Wis. Rules of Civil Procedure, 67 Wis.2d 585. Sec. 262.16, Stats. 1973, was revised to become two sections, secs. 801.08 and 802.06(2), two sections upon which the defendant has relied in the case at bar and which we have described previously.[10] Sec. 801.08(1), Rules of Civil Procedure, retained the language that "such decision upon a question of jurisdiction shall be by order which is appealable." Rules of Civil Procedure, 67 Wis.2d 598.

As part of the Rules of Civil Procedure, the court renumbered sec. 274.33(3), Stats. 1973, governing appealable orders, as sec. 817.33(3). Sec. 817.33(3), Stats. 1975, continued to permit an appeal to the supreme court "when an order . . . decides a question of jurisdiction."[11]

"(6) WAIVER OF OBJECTION TO LACK OF PERSONAL JURISDICTION. Except as provided in sub. (5), an objection to the jurisdiction of the court over the person is waived if not made as provided in this section."

Professor Conway in *Wisconsin & Federal Civil Procedure* (1976), sec. 8.10, pp. 8–11, 8–12; sec. 74.09, pp. 74–4, 74–5; sec. 74.37, pp. 74–20, 74–21, summarizes the effect of secs. 262.16 and 274.33, Stats., as follows: If the defendant contests the trial court's jurisdiction and loses, he can appeal the decision immediately. If the defendant does not appeal the decision and proceeds to contest the merits and loses, he can appeal from the judgment and challenge the trial court's decision of the jurisdictional issue as error.

[9] Laws of 1959, ch. 226, sec. 18.

[10] Secs 801.08 and 802.06(2), Stats., govern the raising of jurisdictional differences and the two sections, "together, supplant the special appearance provisions of s. 262.16(2)." Judicial Council Committee's Note, 1974, to sec. 802.06, Stats., 3 Wis. Stats. 1977, p. 4486.

[11] Sec. 817.33(3), Stats. 1975, provided:

"817.33 The following orders when made by the court may be appealed to the supreme court:

". . .

The next event of significance occurred in 1977, when the people of the state adopted a constitutional amendment establishing a court of appeals with appellate jurisdiction as the legislature may provide by law. Art. VII, secs. 2 and 5, Wis. Const. The legislature, pursuant to this constitutional mandate, enacted ch. 187, Laws of 1977, implementing the creation of the court of appeals. Sec. 801.08, Stats., relating to objections to personal jurisdiction, remained unchanged, but sec. 817.33, Stats. 1975, governing appealable orders, was repealed,[12] and ch. 808 entitled Appeals and Writs of Error was enacted.[13]

The Legislative Council Note, 1977, to sec. 808.03, Stats., explains that sec. 808.03 represents a major substantive change. West's Wis. Stats. Annot., 1979–80 Pocket Part, p. 47. Chapter 817 had provided for appeals to the supreme court and all appeals were of right; there were no permissive appeals to the supreme court. In contrast, sec. 808.03, Stats., provides for appeals to the court of appeals and divides appeals into appeals as of right and appeals by permission.

Sec. 808.03 (1) grants an appeal of right from final orders and judgments in actions or special proceedings and provides as follows:

"808.03  **Appeals to the court of appeals.**
"(1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court or county court may be ap-

---

"(3) When an order:
". . .
"(f) Decides a question of jurisdiction . . . ."
Sec. 274.33 (3), Stats. 1973, provided:
"274.33 The following orders when made by the court may be appealed to the supreme court:
". . .
"(3) When an order . . . decides a question of jurisdiction . . . ."
[12] Laws of 1977, ch. 187, sec. 118.
[13] Laws of 1977, ch. 187, sec. 117.

pealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."[14]

Sec. 808.03(2), Stats., governs an appeal from a nonfinal order on permission of the court of appeals and provides as follows:

"(2) APPEALS BY PERMISSION. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:
"(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;
"(b) Protect the petitioner from substantial or irreparable injury; or
"(c) Clarify an issue of general importance in the administration of justice."

The Legislative Council Note, 1977, to sec. 808.03 explains that sec. 808.03(2) replaces former section 817.33(3)

[14] Sec. 808.03(1), Stats., is based on former sec. 817.09, Stats. 1975, which provided as follows:
"817.09 **Appeals to supreme court, where allowed.** (1) Appeals to the supreme court may be taken from the circuit courts unless expressly denied and also from the county courts except where express provision is made for an appeal to the circuit court and from any court of record having civil jurisdiction when no other court of appeal is provided. Appeals may be taken from interlocutory judgments.
"(2) Said right of appeal applies to final orders and judgments rendered upon appeals from or reviews of the proceedings of tribunals, boards and commissions, and to final judgments and orders whether rendered in actions or in special proceedings without regard to whether the action or proceeding involves new or old rights, remedies or proceedings and whether or not the right to appeal is given by the statute which creates the right, remedy or proceeding."
*See* Legislative Council Note, 1977, to sec. 808.03, Stats., West's Wis. Stats. Annot. 1979-80 Pocket Part, p. 47.

which "contained a list of nonfinal orders which could be appealed to the Supreme Court as a matter of right."

As we noted before, sec. 817.33(3), Stats. 1975, governing appeal to the supreme court from a decision on jurisdiction, and sec. 808.01(1), Stats., stating that a decision on jurisdiction was appealable, had developed from 1956 until 1977 as coordinate sections. Nevertheless, when the legislature repealed sec. 817.33(3), Stats., in 1977 and replaced it with sec. 808.03(2), a substantially different provision, the legislature surprisingly made no corresponding change in sec. 801.08(1), Stats.

The defendant argues that sec. 801.08(1), Stats., is plain and unambiguous and must be followed. *Schoolway Transp. Co. v. Div. of Motor Vehicles,* 72 Wis.2d 223, 228, 240 N.W.2d 403 (1976). According to the defendant, sec. 801.08(1) states that the question of jurisdiction is appealable and the word appealable means appealable as of right, there being no permissive appeals when sec. 801.08 was first enacted. The defendant also argues that sec. 801.08(1), Stats., a specific statute dealing with appealability of jurisdictional orders, controls over sec. 808.03, Stats., a statute governing appealability generally. The defendant reminds us of the "familiar rule of statutory construction that where two statutes deal with the same subject matter, the more specific controls." *Schlosser v. Allis-Chalmers Corp.,* 65 Wis.2d 153, 161, 222 N.W.2d 156 (1974).

The plaintiffs argue that sec. 801.08(1), to the extent that it might be interpreted as giving a defendant an appeal of right, has been repealed by implication by the 1977 constitutional amendments, the legislative repeal of sec. 817.33, Stats., and the legislature's adopting sec. 808.03(2), Stats. This court has set forth the rule of statutory construction as to repeals by implication as follows:

" 'Repeals by implication are not favored in the law. The earlier act will be considered to remain in force

unless it is so manifestly inconsistent and repugnant to the later act that they cannot reasonably stand together, *Kienbaum v. Haberny* (1956), 273 Wis. 413, 78 N.W. (2d) 888, *Milwaukee County v. Milwaukee Western Fuel Co., supra,* or when the intent of the legislature to repeal by implication clearly appears. *McLoughlin v. Malnar* (1941), 237 Wis. 492, 297 N.W. 370. See also 1 Sutherland, Statutory Construction (3d ed.), p. 487, sec. 2021.' " *Pattermann v. Milwaukee,* 32 Wis.2d 350, 356, 145 N.W. 2d 705 (1966), quoting *Union Cemetery v. Milwaukee,* 13 Wis.2d 64, 108 N.W.2d 180 (1961).

The parties have properly called our attention to these rules of statutory construction which may be applicable to the case at bar. The result of the case would, of course, turn on which rule of construction the court decides to apply. *Milwaukee Co. v. ILHR Dept.,* 80 Wis.2d 445, 451, 259 N.W.2d 124 (1977).

Justice Frankfurter in his address entitled, *Some Reflections on the Readings of Statutes,* 47 Colum. L. Rev. 527, 544 (1947), wisely reminded us that:

". . . canons of construction [cannot] save us from the anguish of judgment. Such canons give an air of abstract intellectual compulsion to what is in fact a delicate judgment, concluding a complicated process of balancing subtle and elusive elements. All . . . have at one time or another leaned on the crutch of a canon . . . . Insofar as canons of construction are generalizations of experience, they all have worth. In the abstract, they rarely arouse controversy. Difficulties emerge when canons compete in soliciting judgment, because they conflict rather than converge. For the demands of judgment underlying the art of interpretation, there is no vade-mecum."

We have repeatedly said that "the aim of all statutory construction is to discern the intent of the legislature," *Green Bay Packaging, Inc. v. ILHR Dept.,* 72 Wis.2d 26, 35, 240 N.W.2d 422 (1976), and that a "cardinal rule in interpreting statutes" is to favor a construction which will fulfill the purpose of the statute over a construction which defeats the manifest object of the act. *Student*

*Asso., U. of Wis.-Milw. v. Baum,* 74 Wis.2d 283, 294-95, 246 N.W.2d 622 (1976). Where one of several interpretations of a statute is possible, the court must ascertain the legislative intention from the language of the statute in relation to its scope, history, context, subject matter and object intended to be accomplished. *State ex rel. First Nat. Bank & Trust Co. of Racine v. Skow,* 91 Wis.2d 773, 779, 284 N.W.2d 74 (1979).

It is apparent from the extensive legislative revision of appellate practice and procedure and the creation of the court of appeals that the legislature intended sec. 808.03, Stats., to govern all appeals to the court of appeals except those few instances in which the legislature specifically provided special provisions for appeal. As we explained in *State v. Rabe,* 96 Wis.2d 48, 56, 291 N.W.2d 809, 813 (1980), "the new provision [sec. 808.03] repealed the long and confusing list of appealable orders under ch. 817 with a single dichotomy: Orders which '[dispose] of the entire matter in litigation' are appealable by right; all other orders are appealable only by permission." *See also, State v. Jenich,* 94 Wis.2d 74, 97b, 288 N.W.2d 115, 292 N.W.2d 348, 349 (1980) (rehearing).

The legislative history of sec. 801.08, Stats., demonstrates that the legislature intended that sec. 801.08(1), Stats., providing that the decision on the question of jurisdiction is appealable, be read with sec. 817.33(3), Stats. 1975, which governed appealability of orders to the supreme court. If sec. 801.08(1), Stats., operated alone to make the order appealable there would have been no need for the legislature to revise sec. 817.33, Stats. 1975, (previously sec. 274.33), to list this order as appealable. When the legislature replaced sec. 817.33, Stats. 1975, with sec. 808.03, Stats., governing appeals to the court of appeals, the legislature obviously intended that sec. 801.08(1), Stats., be read in conjunction with sec. 808.03,

Stats., and that the appealability of the order in the case at bar be governed by sec. 808.03, Stats. We believe the legislature intended that the order denying a motion to dismiss for lack of jurisdiction should, like other determinations set forth in sec. 817.33, Stats. 1975, be appealable, except as otherwise provided, pursuant to the rules now set forth in sec. 808.03, Stats.

The defendant offers no reason, and we can find none, why the legislature would treat the order denying dismissal on the ground of lack of personal jurisdiction differently than other orders previously governed by sec. 817.33, such as an order denying a motion to dismiss on the ground that the complaint fails to state a cause of action or an order denying a motion to dismiss on the ground that the court lacks subject matter jurisdiction or an order denying summary judgment. The appealability of these orders is governed by sec. 808.03, and we conclude that the legislature intended an appeal from the order denying a motion to dismiss on personal jurisdiction grounds to be similarly governed by sec. 808.03, Stats.

Construing the statutes so that the order denying the motion to dismiss on the ground of lack of personal jurisdiction is appealable under sec. 808.03, Stats., rather than appealable of right under sec. 801.08, Stats., conforms to the legislative objectives of the new appellate procedure and practice.

The purpose of sec. 808.03, Stats., providing appeal as of right of final orders and judgments and limiting appellate review of intermediate determinations until final judgment unless the court of appeals permits an earlier appeal is twofold: (1) to protect the trial proceedings by avoiding unnecessary interruptions and delay caused by multiple appeals and (2) to reduce the burden on the court of appeals by limiting the number of appeals to one

appeal per case and allowing piecemeal appeals only under the special circumstances set forth in sec. 808.03 (2), Stats. *State v. Jenich,* 94 Wis.2d 74, 79, 288 N.W.2d 115 (1980) ; *State ex rel. AE v. Circuit Court of Green County,* 94 Wis.2d 98, 101, 288 N.W.2d 125 (1980) ; Legislative Council Note, 1977, to sec. 808.03, West's Wis. Stats. Annot., 1979–80 Pocket Part, pp. 47–48; Martineau & Malmgren, *Wisconsin Appellate Practice* sec. 401 at 20 (1978). Because the legislature made liberal provision for appellate review of intermediate orders on a discretionary basis, the legislature obviously intended that appeals of right be strictly circumscribed. As the American Bar Association Commission on Standards of Judicial Administration explained, "[t]his approach limits the possibilities for disrupting the course of proceedings in the trial court through unjustified or premature appeals while affording opportunity for immediate review when warranted by practical exigencies, regardless of the type of lower court order that is involved." Standards Relating to Appellate Courts (1977), sec. 3.12, Commentary, p. 271.

The defendant argues that even if sec. 808.03, Stats., is applicable, the order is appealable as of right under sec. 808.03(1), Stats. According to the defendant, the order entered under sec. 801.08(1), Stats., is final because it "finally determines the issue of jurisdiction in the Trial Court . . . [and] disposes of that entire issue in litigation and under Section 808.03(1), Wis. Stats. is necessarily appealable as of right." If defendant's definition of a final order were accepted, every order could be final because each order resolves some question which is in dispute.

Sec. 808.03(1), Stats., speaks of "final" not in terms of a final resolution of an issue but in terms of a final resolution of the entire matter in litigation. The order in the instant case does not pass this test of finality. The order does not dispose of the entire matter in litigation;

it does not resolve the dispute; it does not preclude further hearing; it does not completely settle the rights of the parties. Indeed the effect of the order is to continue the litigation, not end it. The circuit court has not decided the merits of the instant case; it has disposed of a single ancillary issue in the case. Martineau and Malmgren, *Wisconsin Appellate Practice* sec. 401 at 20 (1978), discuss intermediate orders as follows:

"Intermediate orders, which may be made before, during or after trial, do not decide the case but only settle ancillary matters. An order denying a motion to dismiss is intermediate and not appealable while the granting of summary judgment to the entire claim is final and thus appealable when entered . . . ."

On the other hand, had the motion to dismiss for lack of personal jurisdiction been granted, the order would have been a final order, appealable under sec. 808.03(1), because it would have disposed of the entire matter in litigation as to one or more of the parties.

Applying the statutory test of finality, we conclude that the order denying the motion to dismiss is not final and is therefore not appealable as of right under sec. 808.03, Stats. The order is, however, appealable by permission of the court of appeals pursuant to sec. 808.-03(2), Stats. The defendant did file a petition for leave to appeal in the case at bar, and the court of appeals refused to grant permission to appeal. We do not review the decision whether to grant a permissive appeal. *State v. Jenich,* 94 Wis.2d 74, 77, and n. 2, 97d, 288 N.W.2d 115 (1980).

Although the defendant in the instant case cannot obtain review of the order denying the motion to dismiss on the ground of lack of personal jurisdiction at this stage of the proceeding, the defendant may, if he suffers an adverse judgment on the merits, raise his

objection to personal jurisdiction on appeal from the final judgment. The procedure which we have set forth, that is, permissive appeal from the intermediate order and appeal of right from the final judgment, including review of the personal jurisdictional question, is used in the federal court system and in many states. Only a few states provide that an order denying dismissal on grounds of lack of personal jurisdiction is reviewable prior to further proceedings in the trial court. Even fewer states hold that the defendant waives his objection to personal jurisdiction if he defends the action after his motion to dismiss is denied. *See* James & Hazard, *Civil Procedure* sec. 12.22 (2d ed. 1977) ; Restatement of Judgments (Second), sec. 13, comment *e* (Tentative Draft No. 5, March 10, 1978) ; Restatement of Conflict of Laws (Second), sec. 81, Comment *c* (1969) ; Thode, *In Personam Jurisdiction: Article 2013l B, The Texas "Long Arm" Jurisdiction Statute; and The Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 Tex. L. Rev. 271, 331–332 (1964) ; 13 Cyclopedia of Federal Procedure, secs. 57.29a, 57.66, 57.67 (2d ed. 1977 rev. vol.).

For the reasons set forth above, we affirm the decision of the court of appeals which held that the order denying defendant's motion to dismiss on the ground of lack of personal jurisdiction is a non-final order not appealable as of right.

*By the Court.*—Decision of the court of appeals affirmed.