James WICK, Plaintiff-Appellant-Petitioner,

v.

Bruce MUELLER, d/b/a B & B Race Cars, Defendant-Respondent.

Supreme Court

*No. 80–1908. Argued November 2, 1981.—Decided January 5, 1982.*

(Also reported in 313 N.W.2d 799.)

For the appellant-petitioner there was oral argument by *Keary W. Bilka* of Fond du Lac.

For the defendant-respondent there was oral argument by *Louis E. Archambault* of Appleton.

HEFFERNAN, J.   The court of appeals by an order dated January 13, 1981, dismissed as non-appealable as of right the appeal of the plaintiff, James Wick, from an order of the Circuit Court for Outagamie County, which ordered a new trial on the question of damages only and granted the plaintiff, Wick, the option of accepting a reduced damage award.   The summary order of dismissal stated:

"This order is not appealable as of right under sec. 808.03(1), Stats.   *Earl v. Marcus,* 92 Wis. 2d 13, 284 N.W.2d 690 (Ct. App. 1979).   Accordingly, the appeal will be dismissed."

Because the plaintiff contends that the court of appeals based its decision on *Earl v. Marcus,* which he believes to be in error, and because plaintiff asserts sec. 805.15(6), Stats.,[1] specifically makes an order of this nature appealable, we have accepted the plaintiff's petition for review.   We affirm the order of the court of appeals.

---

[1] "805.15 . . . (6) EXCESSIVE OR INADEQUATE VERDICTS. If a trial court determines that a verdict is excessive or inadequate, not due to perversity or prejudice or as a result of error during trial (other than an error as to damages), the court shall determine the amount which as a matter of law is reasonable, and shall order a new trial on the issue of damages, unless within 10 days the party to whom the option is offered elects to accept judgment in the changed amount. If the option is not accepted, the order for new trial shall be deemed final for purposes of appeal on the last day of the option period."

No trial record has been supplied by either of the parties, but the partial record furnished and the trial court's decision and order reveal that plaintiff, Wick, a racetrack driver, ordered a custom-made racing car from the defendant, Bruce Mueller. He alleged breach of contract and sought damages. After trial to a jury, a verdict was returned awarding the plaintiff damages in the amount of $4,500. Wick moved for judgment on the verdict, while defendant asked that the jury's verdict answers be changed and for a new trial. The trial judge found the verdict not contrary to law, but also found that the verdict, although not the result of perversity or prejudice, was excessive and not fully supported by the evidence. The court concluded that a damage award of $1,600 was reasonable and appropriate. The court's memorandum decision was dated September 4, 1980. Subsequently, the court, on September 30, 1980, issued an order providing:

"4. That pursuant to *Wis. Stats.* s. 805.15(6), and by reason of this Court's decision that the answer to question two of the verdict is excessive, it is hereby ordered that a new trial shall be held on the issue of damages unless within ten days from the date of service of this order upon the plaintiff, the plaintiff files in this action an election to accept an answer to said question two in the changed amount of $1,600; and if such option is not so accepted by the plaintiff, this order shall be deemed final for purposes of appeal on the tenth day of said option period and a new trial shall be scheduled unless plaintiff makes a timely appeal from this order."

The plaintiff on October 16, 1980, took an "appeal" from the court's decision dated September 4, 1980. This "appeal" was a nullity, for under no circumstances is an opinion or memorandum decision of a court appealable. Martineau and Malmgren, *Wisconsin Appellate Practice*, sec. 402, p. 23. Only orders or judgments which are

final and which have been appropriately entered in the clerk's office are appealable as a matter of right. Secs. 808.03(1)[2] and 807.11(2),[3] Stats.

An appeal was also taken on October 28, 1980, from the order dated September 30, 1980. This appeal was not timely under sec. 809.50(1)[4] if a discretionary appeal was sought, but was timely if the appeal was, as plaintiff contends, one as of right. Sec. 808.04(1).[5]

[2] "808.03 . . . (1) APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) or a disposition recorded in docket entries in traffic regulation cases and municipal ordinance violation cases prosecuted in circuit court which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

[3] "807.11 . . . (2) An order is entered when it is filed in the office of the clerk of court."

[4] "809.50 . . . (1) A person shall seek leave of the court to appeal a judgment or order not appealable as of right under s. 808.03(1), by filing within 10 days of the entry of the judgment or order a petition and supporting memorandum, if any. The petition must contain:

"(a) A statement of the issues presented by the controversy;

"(b) A statement of the facts necessary to an understanding of the issues; and

"(c) A statement showing that review of the judgment or order immediately rather than on an appeal from the final judgment in the case or proceeding will materially advance the termination of the litigation or clarify further proceedings therein, protect a party from substantial or irreparable injury, or clarify an issue of general importance in the administration of justice."

[5] "808.04 . . . (1) INITIATING AN APPEAL. An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given, or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law."

The plaintiff on this review acknowledges his awareness of the rule of *Earl v. Marcus,* 92 Wis. 2d 13, 284 N.W.2d 690 (Ct. App. 1979), and asserts that he brought his appeal knowing full well that, under that case, his appeal would be dismissed. He contends that his appeal was perfected for the purpose of challenging the correctness of *Earl v. Marcus.* On this review, however, he asks that, if we find *Earl v. Marcus* to be controlling, we treat his appeal as a discretionary one and that we direct the court of appeals to consider it as such. This we decline to do, for if the appeal was to be considered in the discretion of the court of appeals, it came too late. Only if we overrule *Earl v. Marcus* can the plaintiff's appeal be considered at this juncture. We expressly support the holding and rationale of that case and accordingly affirm the court of appeals' order of dismissal.

*Earl v. Marcus,* decided by the court of appeals on August 23, 1979, was identical in its legal and procedural aspects to the case presently before this court. In *Earl v. Marcus,* after a trial by jury, the trial court found that the award was excessive, determined the damages which it deemed as a matter of law to be reasonable, and ordered a new trial unless the plaintiffs elected to accept judgment in a reduced amount. The plaintiffs, as in this case, refused to accept the option, and an order for a new trial limited to the issue of damages was triggered by the court's order. An appeal was taken from the order directing a new trial. The court of appeals in *Earl v. Marcus,* in an admirable decision, found the order not appealable. Its rationale was based upon the analysis of the statutes and rules which were put into effect at the time of court reorganization and the establishment of the court of appeals. It found that, under the policy set forth in sec. 808.03 (1), Stats., only final judgments or final orders could be appealed to the

court of appeals as a matter of right. It further found that an order for a new trial under sec. 805.15 (6) was not a final order, because it did not dispose of the entire matter in litigation as to one of the parties, but, by its very terms, contemplated further proceedings. It then dealt with the meaning of the last sentence of sec. 805.-15 (6). That sentence provides:

"If the option is not accepted, the order for new trial shall be deemed final for purposes of appeal on the last day of the option period."

The purported appellant in *Earl v. Marcus* argued, as does the purported appellant here, that this provision had the effect of making a new trial order under the *Powers* option a final order and therefore appealable as of right. Judge Gartzke, in the court of appeals' opinion, correctly pointed out that sec. 805.15 (6), Stats., which was a Supreme Court rule, did no more than to establish a point at which the time for appeal would begin to run under the then existing legislation, sec. 817.33 (3) (d), Stats. 1975, which made new trial orders appealable. The Legislative Council's note to court rule sec. 805.15 (6) stated:

"Sub. (6) establishes a standard time limit of 10 days within which additur and remittitur options must be accepted to avoid a new trial on the issue of damages."

The court of appeals at this juncture could also have pointed out, although it did not, that the Supreme Court is without power to determine whether a particular type of order is appealable or not. The question of appealability is within the legislative prerogative and not with the prerogative of the court's rule-making power. Accordingly, because at the time the rule was promulgated by the Supreme Court, an order for a new trial was appealable under sec. 817.33 (3) (d), Stats., the court's

statement by rule could only have been in recognition of the legislative dictate that an order for new trial was appealable. It could not have the separate effect of creating an appealable order in the absence of legislative sanction. The court system does not have the power to determine what orders are appealable. As was said in *Western Union Railroad Co. v. Dickson,* 30 Wis. 389, 392 (1872):

". . . an appeal is purely a statutory right, and unless given by the *statute,* the right does not exist." (Emphasis supplied.)

Judge Gartzke, in his opinion, pointed out that, sec. 817.33(3)(d), Stats., together with numerous other provisions which made interlocutory orders appealable was repealed in its entirety by sec. 118, ch. 187, Laws of 1977. The court of appeals, accordingly, pointed out that no legislative enactment remains which permits an appeal from an order granting a new trial. Because an order for a new trial is admittedly not a final order appealable as of right under sec. 808.03(1), the court of appeals dismissed the appeal. We agree with this basic rationale. In this case also the order appealed from is not appealable as of right and must be dismissed.

We do not, however, completely agree with the court of appeals' conclusion that the portion of the rule appearing in the last sentence of sec. 805.15(6), Stats., is totally surplusage or that the reason for it has disappeared as a result of an enactment of legislation which permits only judgments and final orders to be appealed as of right. The reason for the rule remains. As the comments of the Judicial Council reveal, 67 Wis. 2d 711:

"Sub. (6) establishes a standard time limit of 10 days within which additur and remittitur options must be accepted to avoid a new trial on the issue of damages."

Thus sub. (6) continues to furnish a valuable procedural guideline, and that is that one who wishes to take an appeal from the interlocutory order issued by a trial court under the *Powers* rule option must compute the time for appeal from the last day of the option period set forth in the trial court's order. An order of this kind must, therefore, be appealed under sec. 809.50(1) within ten days of the commencement of the period as established in sec. 805.15(6).

The basic logic and statutory interpretation of the court of appeals in *Earl v. Marcus* is, however, indisputable and it fully comports with the prime objectives of the Judicial Council and Appellate Rules Study Committee in the promulgation of appellate procedures at the time of court reorganization in 1977 and made finally effective in 1978.

As indicated above, an order for new trial had previously been appealable by special legislation under sec. 817.33, even though such an order was interlocutory and not final. Sec. 817.33 was repealed at the time of court reorganization and, accordingly, an order granting a new trial is not appealable as of right. Sec. 808.03(2) provides, however, that a judgment or order not appealable as of right under sec. 808.03(1) may be appealed to the court of appeals upon leave granted by that court. The Judicial Council's notes to sec. 808.03(2) make it clear that an order for a new trial falls within the category of appeals by permission. The note states:

"Subsection (2) replaces former s. 817.33. That section contained a list of nonfinal orders which could be appealed to the Supreme Court as a matter of right. The recommendation of the National Center for State Courts is that 'interlocutory trial court determinations should be reviewable only at the discretion of the . . .' appellate court. The purpose of the recommendation is to avoid unnecessary interruptions and delay in trial court pro-

ceedings caused by multiple appeals and to reduce the burden on the court of appeals of dealing with unnecessary appeals. Subsection (2) is intended to provide standards for determining when permission to appeal an intermediate judgment or order should be granted. It is based upon s. 3.12 of the tentative draft of Standards Relating to Appellate Courts of the American Bar Association Commission on Standards of Judicial Administration (1976) . . . ."

That Judicial Council note also refers to the prior studies of our court system made by the National Center for State Courts in 1975. One of the principal recommendations of that study was that:

"Interlocutory trial court determinations should be reviewable only at the discretion of [reviewing court]. Statute sec. 274.33 should be revised to permit review only by petition." *Wis. Appellate Practice and Procedure Study*, p. 8.

The comment of the National Center on this recommendation states that:

"Statute sec. 274.33 [later renumbered as 817.33] . . . is a long and complicated statute which defines the appealability of certain interlocutory and final orders. . . . Interlocutory orders as defined by Wisconsin statute may be made before, during, and after trial, but do not decide the cause; they settle only intervening or subsequent matters.
"It is becoming generally accepted that only final judgments should be appealable as of right. Interlocutory decisions should be reviewed by an appellate court on a discretionary basis. Many interlocutory decisions raise substantial questions of law or can significantly affect a case, and thus should be expeditiously decided by an appellate court. However, the appellate court should have the authority to decide whether to review the order." *Wis. Appellate Practice and Procedure Study*, pp. 73–74.

The Judicial Council's note cited above also makes reference to the American Bar Association Commission's

Standards of Judicial Administration, particularly "Standards Relating to Appellate Courts." This study was given great weight by the Judicial Council. That American Bar Association study, sec. 3.10, p. 14, pointed out that:

"To maintain the integrity of trial court proceedings and to prevent their interruption by piecemeal appellate review, appeal of right should be available only from final judgments, but review of interlocutory trial court orders should be available on a discretionary basis."

The American Bar Association study committee's proposal, sec. 3.12, p. 25, has been incorporated almost verbatim in sec. 808.03 of the present Wisconsin Statutes. That portion of the statutes guides the exercise of discretion of the court of appeals in accepting for review a nonfinal order. It is apparent from the background material utilized by the Judicial Council in promulgating the rules and statutes used to implement court reorganization that one of its prime objectives was to prevent the appeal as of right from nonfinal orders, such as an order for new trial, utilized in connection with the *Powers* option. Yet the statutes recognized that some types of interlocutory orders, although not appealable as a matter of right, should be considered in the discretion of the Court of Appeals. The A.B.A. study points out:

"The theory of such exceptions is that some types of orders so affect a party's right to an orderly and correct resolution of the litigation that a right should be afforded to correct them by immediate appeal." Pp. 25–26.

The A.B.A. study recognized that, for some interlocutory orders, "discretionary review of any interlocutory order may be granted where immediate review is justified in the particular circumstances." P. 26. It points out that the final judgment rule should, however, be the norm and that:

"[A]ppeal of right should not be available in a civil action until all claims pending therein . . . have been determined, nor should it be available from . . . an order granting a new trial." P. 26.

The legislature, recognizing the necessity of the rule making only final judgments or final orders appealable as of right, nevertheless provided for an escape hatch by sec. 808.03(2), Stats., which provides that:

"A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

"(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

"(b) Protect the petitioner from substantial or irreparable injury; or

"(c) Clarify an issue of general importance in the administration of justice."

In the document filed by the plaintiff in this review, which originally had been filed as a brief with the court of appeals, and which is captioned, "Appellant's Memorandum Re Jurisdiction of Court of Appeals," the appellant states numerous arguments, some of which have an aura of persuasiveness, which are generally reflective of the plaintiff's position that a failure to gain an immediate review of the order will result in a substantial or irreparable injury. But these arguments are persuasive only when addressed to the court of appeals' discretion to grant leave to appeal. They are not persuasive on appellant's basic argument that he has the right to appeal. A party aggrieved by a trial court order, whether plaintiff or defendant, has the opportunity under sec. 808.03 (2), Stats., to request the court of appeals to grant leave to review the order, but whether such leave is granted is within the discretion of the court.

Here, as the documents of the plaintiff make abundantly clear, he did not seek a discretionary appeal, he did not file his notice of appeal within the ten-day time limit imposed by the statute for discretionary appeal, and he preferred—knowing full well the rule of *Earl v. Marcus*—to assert only his claim to appeal as of right under sec. 808.03, Stats. As *Earl v. Marcus* demonstrates, he does not have the right to appeal under the statutes. Sec. 805.15(6) does not make a *Powers* option or the new trial ordered thereunder appealable as a matter of right, nor did it ever intend to do so. The appealability of such an order was always entirely dependent upon the legislative enactment and not upon the court rule.

The court of appeals in the instant case correctly relied upon the holding of *Earl v. Marcus*, and we fully concur in its holding and can only state, in addition, that such holding is supported, not only by the explicit statutory scheme discussed therein, but as a matter of policy was the only correct decision in light of the entire tenor and purpose of the studies which led up to the enactment of the rules and legislation which had as one of their primary objectives the elimination of piecemeal appeals from interlocutory orders and the prevention of the disruption of circuit court trials. We affirm the order of the court of appeals dismissing the purported appeal of James Wick.

*By the Court.*—Order affirmed.

WILLIAM G. CALLOW, J. *(concurring)*. Although the issue was not briefed by the parties, I would point out that once a final order has been entered and appealed all intermediate orders are reviewable. In this case, once the order is entered following the conclusion of plaintiff's new trial that order is final under sec. 808.03(1), Stats., and the intermediate order granting the *Powers*

option will be reviewable on appeal.[1] R. Martineau and R. Malmgren, *Wisconsin Appellate Practice,* sec. 401 at 20 (1978). *See Heaton v. Independent Mortuary Corp.,* 97 Wis. 2d 379, 395–98, 294 N.W.2d 15 (1980) (although defendant cannot obtain immediate review of order denying motion to dismiss on the ground of lack of personal jurisdiction, he may raise his objection to personal jurisdiction on appeal from the final judgment).

