Frank G. GUERTIN, Plaintiff-Appellant,†
v.

HARBOUR ASSURANCE COMPANY OF
BERMUDA, LTD., International Harvester
Company, Royal Insurance Company of America,
Ryder Truck Rental, Inc., Edward Krissman, ABC
Insurance Company and XYZ Corporation,
Defendants-Respondents.

Court of Appeals

*No. 85–2316. Submitted on briefs August 5, 1986.—Decided
November 21, 1986.*

(Also reported in 400 N.W.2d 56.)

———

† Petition to review granted.

For the plaintiff-appellant the cause was submitted on the briefs of *Hope K. Olson* and *Dean M. Horwitz* from the firm of *Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman* of Milwaukee.

For the defendants-respondents Harbour Assurance Company of Bermuda, Ltd., and International Harvester Company the cause was submitted on the briefs of *Michael J. Gonring* from the firm of *Quarles & Brady*, Milwaukee.

For the defendants-respondents Ryder Truck Rental, Inc. and Edward Krissman the cause was submitted on the briefs of *Douglas J. Carroll* of *Arnold, Murray, O'Neill & Schimmel*, Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J.    Frank G. Guertin appeals a summary judgment dismissing his complaint for personal injuries sustained in Illinois. The trial court applied the borrowing statute, sec. 893.07(1), Stats., and concluded that the action was barred by Illinois's two-year statute of limitations. We agree with the trial court and, accordingly, affirm the judgment.

This case arises out of personal injuries sustained by Guertin on February 15, 1982. Guertin, a truck driver, was hurt when he fell from the fuel tank of his employer's semi-tractor. The semi-tractor, designed and manufactured by International Harvester Company, was sold or leased by Ryder Truck Rental, Inc., to Guertin's employer, JWI Trucking, Inc. Ryder's employee, Edward Krissman, maintained and serviced the truck at Ryder's Milwaukee garage prior to Guertin's injuries. Guertin, a Wisconsin resident, was in Illinois when he fell off the truck.

Guertin commenced this suit in Wisconsin on October 22, 1984, against Harvester, Ryder, Krissman, and their insurers, alleging negligence and strict liability. Harvester moved for dismissal of the complaint on the ground that the action was barred by Illinois's two-year statute of limitations. Harvester's insurer, Harbour Assurance Company of Bermuda, Ltd., moved for dismissal on the grounds of misjoinder and lack of personal jurisdiction. The trial court granted Harvester's motion and therefore declined to address Harbour's motion.

Judgment was entered dismissing Guertin's complaint on the merits, and Guertin appeals.

At issue is the meaning of the phrase "foreign cause of action" in sec. 893.07, Stats., which reads as follows:

> (1) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state.
>
> (2) If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies to that action has not expired, but the applicable Wisconsin period of limitation has expired, no action may be maintained in this state.

This section replaced sec. 893.205(1), Stats. (1977), which read as follows:

> An action to recover damages for injuries to the person [shall be brought within three years]. . . . But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state.

Guertin contends that Wisconsin's "center of gravity" approach to conflict of laws questions must be applied to the various contacts in this case to determine whether his cause of action is foreign. He concludes that Wisconsin has had more significant contacts than Illinois has had in this case. The defendants assert, as the trial court held, that a cause of action is foreign or local depending on where the cause of action accrued. They reason that no cause of action accrues until there is an injury and that the injury in this case occurred in a

foreign state. Hence, they conclude, it is a foreign cause of action. We agree.

■

The interpretation of a statute is a question of law, which we review without deference to the trial court's reasoning. *Town of Seymour v. City of Eau Claire*, 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983). The primary goal in statutory construction is to give effect to legislative intent. *Barth v. Board of Education*, 108 Wis. 2d 511, 517, 322 N.W.2d 694, 697 (Ct. App. 1982). A statute, phrase, or word is ambiguous when capable of being interpreted by reasonably well-informed persons in two or more senses. When a statute or part thereof is ambiguous, it is permissible to look to the legislative intent, which is to be found in the language of the statute, in relation to the statute's context, scope, history, subject matter, and the object intended to be accomplished. *Town of Seymour*, 112 Wis. 2d at 319, 332 N.W.2d at 824.

■

In the context of a personal injury action, the phrase "foreign cause of action" is ambiguous because it can reasonably mean either a cause of action accruing in a foreign state or one with which the foreign state has had more significant contacts. We therefore look to the Judicial Council Committee's 1979 note to sec. 893.07, Stats. (emphasis added):

Sub. (1) applies the provision of s. 893.05 that the running of a statute of limitations extinguishes the right as well as the remedy to a foreign cause of action on which an action is attempted to be brought in Wisconsin in a situation where the foreign period has expired. *Sub. (1) changes the law of prior s. 893.205(1), which provided that a resident of Wis-*

338

*consin could sue in this state on a foreign cause of
action to recover damages for injury to the person
even if the foreign period of limitation had expired.*

Sub. (2) applies the Wisconsin statute of limita-
tions to a foreign cause of action if the Wisconsin
period is shorter than the foreign period and the
Wisconsin period has run.

This note, in effect, equates an "action to recover dam-
ages for injuries to the person, received without this
state," sec. 893.205(1), Stats. (1977), with "a foreign
cause of action" under sec. 893.07. This note exhibits
the history and the object intended to be accomplished
by the legislature in adopting sec. 893.07. We agree with
the Committee's implicit interpretation.

Guertin relies on *Office Supply Co. v. Basic/Four
Corp.*, 538 F. Supp. 776 (E.D. Wis. 1982), the only deci-
sion to date addressing the interpretation of sec. 893.07,
Stats. The *Office Supply* court applied Wisconsin's
center of gravity conflict of laws analysis to the facts of
a contract case, concluding that it was not "a foreign
cause of action" under sec. 893.07. *Id.* at 782. Guertin
suggests that the center of gravity approach must be
used in this case as well, and that such an analysis would
show that his cause of action is not foreign. His reliance
on *Office Supply*, however, is misplaced.

In interpreting sec. 893.07, Stats., the *Office Supply*
court said that the legislature's use of the term "foreign
cause of action" "suggests that where the cause of action
arises in Wisconsin, Wisconsin's statute of limitations is
applicable to it." *Id.* at 782. The court then followed the
center of gravity analysis that was used in *Air Products
& Chemicals, Inc. v. Fairbanks Morse, Inc.*, 58 Wis. 2d
193, 201-04, 206 N.W.2d 414, 418-19 (1973), to decide a
conflict of laws question involving statutes of limita-

tions in a contract case. The *Office Supply* court used the center of gravity approach to determine where the cause of action arose, 538 F. Supp. at 782, concluding that "the parties' most significant contacts involving the contract are with Wisconsin and thus the cause of action arose in Wisconsin and [Wisconsin's] six-year statute of limitation policy . . . is applicable. . . . " *Id.*

We agree with the *Office Supply* court that the phrase "foreign cause of action" refers to a cause of action that arose outside of Wisconsin. We must next determine whether Guertin's cause of action arose in Illinois or Wisconsin.

■

It may be that a center of gravity analysis must be done to decide where a contract action arose and, hence, whether it is a foreign cause of action. That question, however, is not before us. To determine where Guertin's personal injury action arose, we need only look at where the last element of the cause of action, his injury, took place. Because Guertin was injured in Illinois, his cause of action is foreign for the purposes of sec. 893.07, Stats., and the shorter Illinois statute of limitations applies.

Guertin argues that this interpretation revives the doctrine of *lex loci delicti*, which states that the court must apply the substantive law of the place of the injury. This doctrine was expressly rejected for conflict of laws questions in favor of the center of gravity approach. *See Air Products*, 58 Wis. 2d at 202–03, 206 N.W.2d at 418–19. We are dealing here, however, with a question of statutory interpretation, not with a common law conflict of laws question. A borrowing statute would be meaningless if it did not preclude a traditional conflict of laws analysis. If the legislature intended the

340

courts to apply the center of gravity approach to all conflicts between statutes of limitations, it would not have created sec. 893.07, Stats. A statute should not be construed such that any part of it is rendered surplusage. We may not presume that any part of a statute, much less an entire statute, is superfluous. *See State v. Wisconsin Telephone Co.*, 91 Wis. 2d 702, 714, 284 N.W.2d 41, 46 (1979).

We conclude that Guertin's complaint addressed a foreign cause of action that arose in Illinois. Illinois's two-year statute of limitations, rather than Wisconsin's three-year statute, applies to bar the action. Sec. 893.07, Stats. We thus affirm the judgment dismissing the complaint on the merits, and it is unnecessary to address whether the court had personal jurisdiction over Harbour.

*By the Court.*—Judgment affirmed.