**Anthony E. JOHNSON and Melissa Johnson, Plaintiffs-Appellants,**

v.

**DELTADYNAMICS, INC., Defendant-Appellee.**

No. 86–2322.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 26, 1987.

Decided March 16, 1987.

Rehearing and Rehearing En Banc Denied May 5, 1987.

Stephen J. Peters, Stewart, Irwin, Gilliom, Meyer & Guthrie, Indianapolis, Ind., for plaintiffs-appellants.

Peter G. Tamulonis, Kightlinger & Gray, Indianapolis, Ind., for defendant-appellee.

Before CUDAHY, POSNER, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

We are asked to interpret the phrase "foreign cause of action" in a Wisconsin statute that provides that if a suit is brought in a Wisconsin court "on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state." Wis. Stat. § 893.07(2). Anthony Johnson, the plaintiff, was severely injured in 1983 at his place of work when a machine for testing motor vehicle transmissions malfunctioned. He is a resident of Indiana, and the accident occurred there. The machine had been made, however, in Wisconsin, in 1966, by Deltadynamics, a Wisconsin corporation. Johnson's employer had bought it from a firm in Ohio in 1971.

Johnson and his wife brought this tort suit against Deltadynamics in a Wisconsin state court slightly more than 2 years after the accident. The Wisconsin statute of

limitations applicable to a suit for personal injury (including a suit based on products liability) is 3 years. Wis.Stat. § 893.54. If it applies, this suit is not barred. Indiana, however, requires a products liability suit to be brought within 2 years after the cause of action accrues and within 10 years after the delivery of the product to the initial user or consumer, Ind.Code § 33–1–1.5–5;. and if this statute applies instead of the Wisconsin statute, the Johnsons' suit is barred on both grounds.

Deltadynamics removed the case to a federal district court in Wisconsin; the judge later transferred it pursuant to 28 U.S.C. § 1404(a) to a federal district court in Indiana. The parties agree that the transfer does not affect choice of law, see *Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 821, 11 L.Ed.2d 945 (1964), and that Wisconsin law controls that choice. The district judge gave summary judgment for Deltadynamics on the ground that a Wisconsin court would hold that the Indiana statute of limitations rather than the Wisconsin statute of limitations applied to the Johnsons' suit.

The Wisconsin borrowing statute provides that the foreign limitation period shall be enforced if the suit is based on a "foreign cause of action." Enacted in 1979, this statute modified an earlier statute (Wis.Stat. § 893.205(1)) that had provided:

> ... no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state.

If the current statute merely simplified the wording of the old statute while expanding its reach from personal injury suits to all suits and dropping the exception for Wisconsin residents, then Johnson is subject to the foreign (i.e., Indiana) period of limitations, because he was injured outside of Wisconsin. This interpretation of the statute is strongly supported by the following statement in the "Judicial Council Committee's Note" to the 1979 revision: "Subsection (1) changes the law of prior s. 893.-205(1), which provided that a resident of Wisconsin could sue in this state on a foreign cause of action to recover damages for injury to the person even if the foreign period of limitation had expired." This statement equates "action to recover damages for injuries ... received without this state" to "foreign cause of action to recover damages for injury to the person."

How authoritative is this "legislative history"? The Judicial Council is an official body of the State of Wisconsin, composed of judges, legislators, academics, and others and charged among other things with advising the legislature on matters related to judicial administration. See Wis.Stat. §§ 758.13(1), (2)(f); State of Wisconsin, 1985–1986 Blue Book 627–29. The Council's note on section 893.07(2) was presented to the Wisconsin legislature when the bill that became that section was introduced. See 1979 Wis. Assembly Bill 326, at p. 17 (March 21, 1979). Indeed, the first page of the bill contains a notation that the bill was introduced "by request of Judicial Council." The Wisconsin courts give respectful though not controlling weight to the Council's statutory interpretations. See, e.g., *Wick v. Mueller*, 105 Wis.2d 191, 197–200, 313 N.W.2d 799, 802–03 (1982); *Trispel v. Haefer*, 89 Wis.2d 725, 732, 279 N.W.2d 242, 245 (1979). Particularly heavy weight is appropriate where the Judicial Council has actually sponsored the bill. In a recent case that first came to our attention after argument, an intermediate appellate court in Wisconsin relied heavily on the Judicial Council's note in concluding, as do we, that the statute equates "action to recover damages for injuries ... received without this state" to "foreign cause of action to recover damages for injury to the person." *Guertin v. Harbour Assurance Co. of Bermuda, Ltd.*, 135 Wis.2d 334, 400 N.W.2d 56, 58 (Ct.App.1986).

At all events it hardly requires the Judicial Council's note to conclude that the statute applies here. A tort is not complete till the victim is injured, see, e.g., *Holifield v.*

*Setco Industries, Inc.,* 42 Wis.2d 750, 755–56, 168 N.W.2d 177, 180 (1969); *Cenco Inc. v. Seidman & Seidman,* 686 F.2d 449, 453 (7th Cir.1982); hence the place of the injury is the place of the tort. Mr. Johnson was injured in Indiana, so that is where the tort occurred; it was therefore an Indiana—a foreign—cause of action.

To adopt the Johnsons'· view, which is that a foreign cause of action is a cause of action to which a Wisconsin court would not apply its own law, would curtail the borrowing statute, even though the evident purpose of the revision was to expand borrowing by dropping the limitation to personal-injury suits and the exception for Wisconsin residents. The Johnsons' view would reduce borrowing because Wisconsin no longer follows the old common law rule of *lex loci delicti,* the rule that the law of the state where the tort occurred, in this case Indiana rather than Wisconsin, governs. See *Air Products & Chemicals, Inc. v. Fairbanks Morse, Inc.,* 58 Wis.2d 193, 206 N.W.2d 414 (1973). The previous statute codified *lex loci delicti* in personal-injury cases where the question is which state's statute of limitations applies; there is no indication that the authors of the 1979 replacement meant to alter this feature of the previous statute. But that is what they did if the Johnsons are right and the Wisconsin rather than foreign statute of limitations applies even if the tort was committed outside Wisconsin. Indeed, the statute would add little or nothing to the common law of Wisconsin if by the use of the expression "foreign cause of action" the legislators meant to require the courts to go through their usual conflict of laws analysis in deciding whether the foreign period of limitations is a bar.

Now suppose that, contrary to what we have just said, "foreign cause of action" refers to something more complex than the place of the tort; this may in fact be true in the case of a dispute over a contract, whose "location" is not easily pinned to a particular state if, for example, as is common, the contract is negotiated in one state, signed in another, and performed in a third. See *Guertin v. Harbour Assur-*

*ance Co. of Bermuda, Ltd., supra,* 400 N.W.2d at 58–59; *Office Supply Co. v. Basic/Four Corp.,* 538 F.Supp. 776, 782 (E.D.Wis.1982). The Johnsons would still lose. The only connection to Wisconsin is that the defendant is a Wisconsin corporation and (a related point) the product that caused Mr. Johnson's injury was manufactured (many years ago) in Wisconsin. If this is nonetheless a "Wisconsin"· rather than "foreign" cause of action, then virtually no suit against a Wisconsinite can be said to be based on a foreign cause of action. The borrowing statute would have an absurdly narrow compass, for only in freak circumstances would a nonresident sue a nonresident in a Wisconsin court over an accident that occurred in another state—yet that is probably the only kind of suit to which the statute would apply, if we accepted the Johnsons' position.

The borrowing statute makes this suit untimely, and the judgment of the district court is therefore

AFFIRMED.