**Laurie A. STUPAK, Plaintiff,**

v.

**HOFFMAN–LA ROCHE, INC., et al., Defendant.**

No. 03–C–421.

United States District Court, E.D. Wisconsin.

April 23, 2004.

---

Allen A Arntsen, Foley & Lardner LLP, Madison, WI, Naikang Tsao, Foley & Lardner LLP, Madison, WI, for Hoffman–La Roche, Inc.

Paul H Grimstad, Nash Spindler Grimstad & McCracken, Manitowoc, WI, Robert L McCracken, Nash Spindler Grimstad & McCracken LLP, Manitowoc, WI, for Wisconsin Patient's Compensation Fund.

Patrick F Koenen, Hinshaw & Culbertson, Appleton, WI, for Michael J. Smullen.

Frank A Stupak, Stupak & Bergman, Escanaba, MI, for Laurie A. Stupak.

## DECISION AND ORDER

GRIESBACH, District Judge.

In this diversity wrongful death action, the plaintiff claims that a drug prescribed for her son by his doctor caused him to kill himself. Plaintiff has sued Hoffman–La Roche, Inc., and Roche Laboratories, Inc. (collectively "Roche"), the manufacturers of the drug; Michael J. Smullen, M..D., the doctor who prescribed it; and the Wisconsin Patients Compensation Fund (the Fund), which provides excess coverage on medical malpractice claims against Wisconsin health care providers. In a previous decision, I denied a Roche's motion seeking dismissal on the ground that the action was barred under a Michigan statute that prohibited such actions against manufacturers and sellers of FDA approved drugs. The case is presently before me on the motion of Dr. Smullen and the Fund for summary judgment. They claim that plaintiff's medical malpractice claims are barred under the Michigan statute of limitations. For the reasons stated herein, the motion will be granted.

## I. Background

The factual background of this case has been set forth in my previous decision and order in this matter and will not be restated in detail. On May 14, 2000, the plaintiff's son, Bartholomew Thomas Stupak died in his home of a self-inflicted gunshot wound to the head. Bartholomew was seventeen years old at the time of his death and lived with his parents in Menominee, Michigan.

Prior to his death, Bartholomew was seeing Dr. Michael Smullen for the treatment of a skin condition. Bartholomew first began seeing Dr. Smullen at his Green Bay, Wisconsin office in April of 1998. On December 7, 1999 Dr. Smullen prescribed Accutane for Bartholomew's condition.[1] (Am.Compl.¶ 43.) Over the months that followed, Dr. Smullen noted that Bartholomew had elevated triglyceride levels. Nonetheless, he continued Bartholomew on the prescription, noting that he would check Bartholomew's status in July of 2000. Bartholomew shot himself before the July appointment occurred.

Plaintiff claims that Accutane causes depression, psychosis and suicide ideation. She claims that the defendants knew of these side-effects, but failed to take proper steps to protect the public. With respect

---

1. Accutane is the trade name the defendants, Hoffmann–La Roche Inc. and Roche Laboratories, Inc., have given to the generic compound Isotretinion for distribution in North America. (Am.Compl.¶ 16.)

to Dr. Smullen, plaintiff claims that he was negligent in prescribing Accutane without staying informed of the serious health risks it posed and disclosing those risks to the parents of his patient. Plaintiff also claims Dr. Smullen was negligent in failing to monitor the level of triglycerides in Benjamin's blood and in failing to recognize and treat the condition that resulted from the high triglyceride levels that were caused by the drug. (*Id.* at ¶ 44.)

Under Wisconsin law, before a person may commence an action against a health care provider for medical malpractice, he or she must first file a request for mediation of the dispute with the director of state courts. Wis. Stat. § 655.44. On March 11, 2003, the plaintiff filed a request for mediation of her claim against Dr. Smullen. On May 12, 2003, she commenced this action against Roche and on June 20, 2003, after the prescribed period for mediation had expired, she filed an amended complaint adding her medical malpractice and informed consent claims against Dr. Smullen and the Fund. Dr. Smullen and the Fund now seek summary judgment on the ground that the claims against them are barred by the applicable statute of limitations.

## II. Analysis

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Dr. Smullen and the Fund claim that the material facts relating to their statute of limitations defense to plaintiff's action are undisputed. They claim that plaintiff commenced her action against them after the applicable statute of limitations had

expired. For this reason, they claim they are entitled to judgment of dismissal as a matter of law. Before I decide whether plaintiff's action against Dr. Smullen and the Fund is barred by the statute of limitations, however, it is first necessary that I address plaintiff's claim that this defense has been waived by the failure of the moving defendants to assert it in the answer or other responsive pleading.

## A. Waiver

█ Rule 8(c) of the Federal Rules of Civil Procedure requires a defendant to assert affirmative defenses, including the defense of statute of limitations, in a responsive pleading. The purpose of this rule "is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi,* 123 F.3d 956, 967 (7th Cir.1997). Thus, where a defendant fails to raise a statute of limitations defense in his answer or other responsive pleading, it is generally considered waived. *Metropolitan Devel. Housing Corp. v. Village of Arlington Heights,* 558 F.2d 1283, 1287 (7th Cir., 1977). *See also* 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1278 (1990). It is this rule that plaintiff seeks to have applied in this case.

The moving defendants, on the other hand, claim that they did assert the statute of limitations defense in their answers. In support of this claim, they point to the assertion in their respective answers that their liability, if any, and the plaintiff's right to recover are limited and regulated either by Chapter 655 of the Wisconsin Statutes in the Funds case (Answer of Fund, ¶ 20), or Wis. Stat. § 893.55 in the case of Dr. Smullen (Answer of Smullen, Aff. Def. ¶ 6.) But Chapter 655, which is entitled Health Care Liability and Patients Compensation and covers almost

ten full pages of provisions, many of which are devoted to the establishment of the Fund, says nothing about the statute of limitations directly. And while § 893.55(1) sets forth Wisconsin's statute of limitations for medical malpractice actions, its other six subsections contain various other requirements and limitations of damages that apply in such actions. To claim that a plaintiff's action is limited by a general regulatory statute or Chapter is not the same as claiming that it is barred by the applicable statute of limitations. This is especially so when neither of the references made by the moving defendants was to the specific statute of limitations that they now claim bars plaintiff's action. I therefore conclude that the moving defendants failed to properly assert their statute of limitations defense in their responsive pleadings.

■ But it does not follow that the defense is therefore waived and the defendants are precluded from raising it. In some cases, the pertinence of a particular affirmative defense will only become apparent after discovery. It would be unreasonable to prevent a defendant from asserting a defense that was not reasonably apparent until after his responsive pleading was filed. *Venters,* 123 F.3d at 967. And even where the defense could have been discovered earlier, the court may nevertheless allow its assertion where doing so would not result in prejudice to the other party. *Jackson v. Rockford Housing Authority,* 213 F.3d 389, (7th Cir. 2000). As noted above, the purpose of the rule requiring that affirmative defenses be asserted in a responsive pleading is to protect the plaintiff from surprise and insure a fair opportunity to respond to it. Thus, where a defendant seeks to amend his answer and assert an affirmative defense that had not been raised earlier, leave has been freely granted "when the

plaintiff had adequate notice that a statute of limitations defense was available, and had an adequate opportunity to respond to it despite the defendant's tardy assertion." *Id.* at 393. And while the appropriate manner of raising the issue under these circumstances is to seek leave to amend the answer, *Venters,* 123 F.3d at 968, such formality can be excused when the issue is otherwise adequately raised. *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797–98 (11th Cir.1989).

■ In this case, I conclude that the statute of limitations defense has not been waived. Plaintiff has failed to even allege, much less establish, that she would be prejudiced by allowing the defense to be raised at this point. The motion raising the issue was filed before this court's initial scheduling conference in the case, and the matter has yet to be scheduled for trial. Moreover, plaintiff has had a full opportunity to respond to defendants' motion and has fully set forth her arguments as to why the defense is not applicable in this case. Under these circumstances, I conclude that the statute of limitations defense is properly before me and will now proceed to address it.

**B. Statute of Limitations**

In Wisconsin, the statute of limitations governing medical malpractice actions is either (a) three years from the date of injury or (b) one year from the date the injury was discovered or, in the exercise of reasonable diligence, should have been discovered, but not more than five years from the date of the act or omission. Wis. Stat. § 893.55(1). Although the amended complaint naming Dr. Smullen was not filed until more than three years after Bartholomew's death, plaintiff's action against him would still be considered timely under (a) because the filing of her request for mediation tolled the running of the statute of

limitations. *See* Wis. Stat. § 655.44(4). Under Michigan law, however, the statute of limitations for medical malpractice actions is two years. Mich. Comp. Laws § 600.5805(6). And it is the Michigan statute of limitations that the moving defendants claim is applicable here.

In support of their argument, the moving defendants rely on Wisconsin's borrowing statute, Wis. Stat. § 893.07(1), which provides: "If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state." The moving defendants argue that because Bartholomew's death occurred in Michigan, plaintiff's claim against Dr. Smullen and the Fund must be considered a foreign cause of action within the meaning of § 893.07(1). And because the foreign (Michigan) statute of limitations has expired, they claim plaintiff's claims against them are barred in Wisconsin as well. Plaintiff, on the other hand, contends that her claim against Dr. Smullen and the Fund is not a foreign cause of action and, thus, § 893.07(1) does not apply.

The Wisconsin Supreme Court has interpreted the phrase "foreign cause of action," for purposes of Wis. Stat. § 983.07, to mean an action for an injury which occurred outside of the state. *See Guertin v. Harbour Assurance Co.,* 141 Wis.2d 622, 631, 415 N.W.2d 831 (1987); *see also Abraham v. General Cas. Co.,* 217 Wis.2d 294, 304, 576 N.W.2d 46 ( 1998)(the phrase "foreign cause of action" is synonymous with actions for injuries to the person, received without this state). According to the moving defendants, the injury in this case is Bartholomew's death. Since that took place in Michigan, it clearly follows, they argue, that plaintiff's Wisconsin action is a foreign cause of action.

No court, however, has previously applied § 893.07(1) to a wrongful death action predicated on medical malpractice. *Guertin v. Harbour Assurance Co.,* as well as *Scott v. First State Insurance Co.,* 155 Wis.2d 608, 456 N.W.2d 152 (1990), and *Johnson v. Deltadynamics, Inc.,* 813 F.2d 944, 945 (7th Cir.1987), on which defendants also rely, involved actions for injuries sustained as a result of a defective or negligently repaired product or machine. In *Guertin,* the Wisconsin plaintiff was injured in Illinois when he slipped and fell off of the fuel tank of a semi-tractor that was maintained and serviced in Wisconsin. In *Scott,* the plaintiff was injured in Alberta, Canada, while working with a piece of farm equipment that was designed, manufactured or sold in Wisconsin. And in *Johnson,* the Indiana plaintiff sued for injuries sustained in Indiana when a machine for testing motor vehicle transmissions, which was manufactured in Wisconsin, malfunctioned. The plaintiffs in each case alleged that their injuries were caused by a negligently maintained, designed, or manufactured product. Thus, in each case, the court concluded that the cause of action was foreign and § 893.07 applied.

The mechanism for injury in a medical malpractice action is different, however. Here, for example, plaintiff's action is against her son's treating physician for his alleged negligence in the care and treatment he provided in Wisconsin. Her theory of liability, though not entirely clear from the amended complaint, appears to be that Dr. Smullen's negligence in treating her son caused him to become severely depressed, which ultimately led to his taking his own life. Although he took his life while at his home in Michigan, a fair reading of the complaint is that he did so as a result of a physiological condition that was caused, at least in part, by the negligence of his physician in prescribing Accutane for Bartholomew and in failing to carefully

monitor its effects on him. In essence, plaintiff's theory is that her son was injured as a result of ingesting Accutane without being advised of the possible side-effects and without having his condition properly monitored. That injury ultimately resulted in his death. *See, e.g., Brenne v. DILHR,* 38 Wis.2d 84, 94, 156 N.W.2d 497 (1968). And since § 893.07(1) does not apply if even a fraction of the plaintiff's injury occurred in Wisconsin, *Faigin v. Doubleday Dell Publishing Group, Inc.,* 98 F.3d 268 (7th Cir.1996), plaintiff argues her action against Dr. Smullen and the Fund is not barred.

■ The difficulty with this argument, however, is that the only injury for which plaintiff seeks, or is entitled, to recover is Bartholomew's death. Plaintiff seeks damages for the loss of society and companionship, the physical pain, and extreme mental distress she claims she suffered as a result of his death, as well as the funeral expenses she incurred. (Am.Complt. ¶¶ 49–51.) There is no claim on behalf of Bartholomew's estate for pain and suffering prior to his death. And even if there was such a claim, there is no allegation that Bartholomew was suffering any pain and suffering when he was last seen by Dr. Smullen in Green Bay almost a month before his death.

While it might be argued that Dr. Smullen's allegedly negligent treatment in prescribing Accutane and failing to properly monitor Bartholomew's condition is itself the injury, this argument has been squarely rejected by the Wisconsin Supreme Court. In *Paul v. Skemp,* 2001 WI 42, 242 Wis.2d 507, 625 N.W.2d 860, the Wisconsin Supreme Court held that in applying that state's statute of limitations for medical malpractice, the negligent treatment of the physician and the patient's injury cannot be conflated. 625 N.W.2d at 866. In *Paul,* the court held that Wisconsin's statute of limitations for medical malpractice

actions begins to run at the time of the injury, not the time of the allegedly negligent treatment. 625 N.W.2d at 865. In so ruling, the court explicitly rejected the contention that a doctor's mis-diagnosis of a condition that ultimately resulted in his patient's death constituted an injury for purposes of determining when the statute begins to run. *Id.* If the physician's negligent act or omission is not to be considered an injury for purposes of § 893.55(1), it would make little sense to hold otherwise when applying § 893.07(1).

In any event, the only injury for which plaintiff seeks to recover is the death of her son. Because there is no dispute that the death occurred in the State of Michigan, Wisconsin's borrowing statute makes the shorter Michigan statute of limitations applicable. Because the time allowed for filing under that statute has expired, plaintiff's action is barred. Accordingly, the motion for summary judgment must be granted.

**So ordered.**